**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JEREMIAS PEREZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

v.

170 JOHN STREET NYC CORP.
    d/b/a TRADING POST, and
RICHARD SHERIDAN,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

        Plaintiff, JEREMIAS PEREZ (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, 170 JOHN STREET NYC CORP. d/b/a TRADING POST ("Corporate Defendant") and RICHARD SHERIDAN ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

        1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages and

overtime, including those due to an invalid tip credit and time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid wages and overtime, including those due to an invalid tip credit and time shaving, (2) spread-of-hours premium, (3) statutory penalties, (4) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JEREMIAS PEREZ, is a resident of Richmond County, New York.

6. Corporate Defendant, 170 JOHN STREET NYC CORP., is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal executive office at 170 John Street NYC Corp., 170 John Street, Ground Floor, New York, NY 10038.

7. Individual Defendant, RICHARD SHERIDAN, is the founder, Chief Executive Officer and owner of Corporate Defendant. RICHARD SHERIDAN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. RICHARD SHERIDAN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all

relevant times, employees could complain to RICHARD SHERIDAN regarding any of the terms of their employment, and RICHARD SHERIDAN would have the authority to effect any changes to the quality and terms of their employment. RICHARD SHERIDAN ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. RICHARD SHERIDAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees.

8. At all relevant times, Corporate Defendant, 170 JOHN STREET NYC CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

9. Defendants operate or operated a bar restaurant under the trade name "Trading Post" in New York at 170 John Street, Ground Floor, New York, NY 10038 (the "Restaurant"). The Restaurant is appropriately named in this Complaint through the relevant Corporate Defendant described above. Because Corporate Defendant, 170 JOHN STREET NYC CORP., and the Restaurant share identical illegal wage and hour policies, the Restaurant and the relevant Corporate Defendant are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l

6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, cooks, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs. A subclass of tipped employees has additional claims for unpaid minimum wage and overtime, including those from an improperly deducted tip credit and time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to delivery persons, waiters, servers, hosts, bartenders, barbacks, bouncers, porters, runners, busboys, food preparers, cooks, and dishwashers), employed by Defendants at the Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) failing to pay the proper wages, (ii) failing to pay overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, (iii) failing to pay spread-of-hours premium, (iv) failing to provide Class members with proper wage

statements with every payment of wages, and (v) failing to properly provide wage notices to Class members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

19. With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime due to time-shaving and because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

20. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

   d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

   e) Whether Defendants properly compensated Plaintiff and Class members the proper minimum wage under the NYLL;

   f) Whether Defendants properly compensated Plaintiff and Class members the proper overtime compensation under the NYLL;

   g) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

   h) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

   i) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j) Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

k) Whether Defendants properly compensated Plaintiff and Class members the spread-of-hours premium under the NYLL;

l) Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL;

m) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

n) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated Plaintiff's wage and overtime compensation in accordance with the NYLL.

## STATEMENT OF FACTS

25. In or around November 2013, Plaintiff JEREMIAS PEREZ was hired by Defendants to work as a food runner for Defendants' Trading Post, located at 170 John Street, Ground Floor, New York, NY 10038. Plaintiff's employment was terminated on or around January 18, 2020 by general manager John Higgins.

26. From the start of his employment to in or around October 2019, Plaintiff PEREZ was scheduled to work Tuesdays, Wednesdays, Thursdays, and Fridays from 4:30 p.m. to 12:00 a.m., in addition to Saturdays from 11:00 a.m. to 12:00 a.m., for a total of forty three (43) hours per week.

27. From in or around October 2019 to the date of his termination, Plaintiff PEREZ was scheduled to work Tuesdays from 4:00 p.m. to 11:30 pm., Wednesdays and Thursdays from 5:00 p.m. to 11:30 pm., Fridays from 4:00 p.m. to 9:00 pm., and Saturdays from 11:30 a.m. to 5:00 p.m., for a total of thirty one (31) hours per week.

28. From the start of his employment to in or around October 2019, Plaintiff PEREZ was paid an hourly wage of seven and a half ($7.50) dollars per hour. From in or around October 2019 to the date of his termination, Plaintiff was paid an hourly wage of ten ($10) dollars per hour. Throughout his employment, Defendants did not properly compensate Plaintiff for tip credit. As a result, Plaintiff was paid below minimum wage while Defendants claimed invalid tip credit.

29. Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) failed to accurately track daily tips earned or maintain records thereof, (vii) failed to properly provide tip credit

notice at hiring and annually thereafter in violation of the NYLL, and (viii) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

30. Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including preparing food, polishing silverware and glassware, being an expeditor and cleaning the kitchen. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

31. Throughout Plaintiff's employment, Defendants improperly rounded down employees' daily hours to the nearest whole hour, and then paid wages only for those rounded hours instead of actual hours worked. This rounding policy resulted in a systematic failure to compensate Plaintiff and other employees the proper wages for all hours worked. Similarly, FLSA Collective Plaintiffs and Class members suffered as a result of Defendants' policy of rounding down hours.

32. From the start of his employment to in or around October 2019, Plaintiff regularly worked ten (10) or more hours for one (1) day per week, but he was not compensated his spread-of-hours premium. Specifically, Plaintiff worked from 11 a.m. to 12 a.m. every Saturday during this period. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded ten (10) hours per workday. Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for any workday that exceeded ten (10) hours in length.

33. Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements due to an invalid tip credit for each payment period. In other words, Plaintiff and Class members did not receive proper wage statements, as their statements failed to accurately reflect the number of hours worked and their proper compensation.

34. Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of the NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff and Class members, in violation of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

39. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff JEREMIAS PEREZ realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

45. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' invalid tip credit policy.

46. At all relevant times, the Defendants engaged in time-shaving, including rounding down employee's hours, and refusing to compensate Plaintiff and FLSA Collective Plaintiffs for overtime hours in excess of forty (40) that they worked each week.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

51. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff JEREMIAS PEREZ realleges and reavers Paragraphs 1 through 51 of this class and collective action Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

54. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them proper wages in the lawful amount for all hours worked. Defendants were not entitled to claim any tip credits.

55. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

56. At all relevant times, the Defendants engaged in time-shaving, including rounding down employee's hours, and refusing to compensate Plaintiff and Class Members for all hours that they worked each week.

57. Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

58. Plaintiff and Class members regularly worked days that exceeded ten (10) hours per workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread-of-hours premium to Plaintiff and Class members for each workday that exceeded ten (10) hours in length.

59. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was not clearly included in wage statements to tipped employees for each payment period.

60. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under the NYLL.

61. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages including overtime, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including those due to Defendants' invalid tip credit policy under the FLSA and the NYLL;

d. An award of unpaid compensation due to Defendants' policy of time-shaving due under the FLSA and NYLL;

e. An award of unpaid spread-of-hours premium due under the NYLL;

f. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage, overtime compensation and spread-of-hours premium pursuant to the NYLL;

i. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a Class Action pursuant to FRCP 23;

l. Designation of Plaintiff as a Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 31, 2020

        Respectfully submitted,
        By:   /s/ C.K. Lee
            C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiffs and the Class*